UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Barnhill, Jr., | C/A No. 4:12-4-TLW-TER |
| Plaintiff, | |
| vs. | |
| Terrell Duke, Warden, Brooklyn MDC;<br>Rosa Soroya, MLP;<br>Michael Borecky, MD;<br>R. Newland, R-MD;<br>Sixto Riso, MLP;<br>Freddy Nunez, PA-C;<br>Counsellor Mr. Edwards;<br>Counsellor Mrs. McMillan, and<br>Case Manager, Mrs. Kyle, | Report and Recommendation |
| Defendants. | |

This is a civil rights action filed pro se by a federal prison inmate who is currently incarcerated in South Carolina at FCI-Williamsburg.[1]

## Background Facts

Before his transfer to his current place of incarceration, Plaintiff was detained at "MDC Brooklyn" in Brooklyn, New York. In the Complaint filed in this case, Plaintiff alleges that he was placed with a cell-mate who had tuberculosis, resulting in his current TB "positive" status, and that he also contracted a serious skin infection while housed at MDC Brooklyn. He alleges that Defendants, all employees and/or officials at MDC Brooklyn, were indifferent to his medical

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

conditions and that he, therefore, should be "compensated for the pain and suffering [he] had to go through." (ECF No. 1, Attach. 3, at 5).

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995)(en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of N. Y., 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387(4th Cir. 1990). This case should be transferred to the Eastern District of New York, where personal jurisdiction may be obtained over the named Defendants.

## Analysis

     A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the persons of the defendants. To assert personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must be authorized by South Carolina's long-arm statute[2] and must comport with the Fourteenth Amendment's due process clause. Tetrev v. Pride Int'l, Inc., 465 F.Supp.2d 555, 558 (D.S.C.2006). However, the South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. Id. at 559; Sheppard v. Jacksonville Marine Supply, Inc., 877 F.Supp. 260, 265 (D.S.C.1995). "Consequently, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997) (internal quotation marks omitted). Under the due process analysis, the plaintiff must show that the defendant had sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted); see also International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum state is such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. 559. Minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities

---

[2] S.C. Code Ann. § 36-2-803.

within the forum State, thus invoking the benefits and protections of its laws." Burger King v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

As stated, Plaintiff is suing numerous employees and officials at a detention center in New York state under federal question jurisdiction (28 U.S.C. § 1331; 42 U.S.C. § 1983) for alleged medical indifference and other medically related problems that allegedly occurred while Plaintiff was housed in New York. Plaintiff does not allege that any of the problems he experienced with medical care and his inmate safety took place in South Carolina, nor does he sue any South Carolina resident. Assuming Plaintiff's allegations about the nature of the medical care he received at the MDC Brooklyn to be true, Plaintiff's Complaint fails to reveal any basis for this Court to obtain personal jurisdiction over any of the Defendants. There are no allegations that Defendants had any contact with South Carolina such that they would reasonably anticipate being haled into court here. Additionally, Plaintiff's presence in this state as a prisoner rather than a resident is likely temporary. See, e.g., Jones v. Hadican, 552 F.2d 249, 250 (8th Cir.1977) (per curiam) ("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."); Accordingly, the court lacks personal jurisdiction over Defendants.

The federal court in the Eastern District of New York is the proper forum in which to adjudicate the claims based upon activities that occurred in the Eastern District of New York and against Defendants who are all located in the Eastern District of New York. Title 28, section 1406(a) of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the interests of justice

4

require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over Defendants and avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. See Goldlawr v. Heiman, 369 U.S. 463, 466-67 (1962); see also Porter v. Groat, 840 F.2d 255 (4th Cir. 1988) ("[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."); Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.,796 F. Supp. 872, 877 (E.D. N.C. 1992). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. See Robbins v. Yutopian Enters., 202 F. Supp. 2d 426, 430-31 (D. Md. 2002); see also Robertson v. Northcutt, No. 87-1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988)(preserving filing date is better served by transfer to more appropriate district than by dismissal). Plaintiff's Motion for in forma pauperis status was previously granted by this Court and he has provided service documents for all Defendants. His service documents should also be transferred to the Eastern District of New York along with all filings made in this case to date.

### Recommendation

Accordingly, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the United States District Court for the Eastern District of New York for further adjudication.

Plaintiff's attention is directed to the important notice on the following page.

5

                                                                                    s/Thomas E. Rogers, III  
                                                                                    Thomas E. Rogers, III  
                                                                                    United States Magistrate Judge

April 17, 2012  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).